**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JILL and ADAM TROWER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CV-77-JAR |
| | ) | |
| ANTONY BLINKEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court following the parties' briefing on the proper scope of discovery. (Docs. 34, 36, 37). The parties have also submitted a Joint Proposed Scheduling Plan in the event the Court permits limited discovery beyond the Certified Administrative Record ("CAR"). (Doc. 35). For the reasons discussed below, the Court will permit certain limited discovery beyond the CAR.

**I.   BACKGROUND**

This Court has previously explained the relevant factual background. (Doc. 30 at 1-2). To briefly summarize, Plaintiffs are attempting to adopt M.S. from the Democratic Republic of the Congo ("DRC"). On December 22, 2021, United States Citizenship and Immigration Services ("USCIS") issued a Notice of Decision denying Plaintiffs' I-600 Petition to Classify Orphan as Immediate Relative ("I-600 Petition"). USCIS denied Plaintiffs' I-600 Petition on the grounds that (i) the "final adoption was not completed in accordance with the laws of the [DRC], as required by 8 C.F.R. [§] 204.3(d)(1)(iv)" and (ii) Plaintiffs failed to establish that M.S. was abandoned as defined by Immigration and Nationality Act ("INA") § 101(b)(1)(F) and 8 C.F.R. § 204.3(b). (Doc.

1-4 at 1). On January 20, 2022, Plaintiffs filed a one-count complaint in this Court appealing the denial of their I-600 Petition under the Administrative Procedure Act ("APA"). (Doc. 1).

On April 13, 2022, Defendants filed a Motion to Dismiss solely on the grounds that Plaintiffs' I-600 Petition was properly denied because DRC law does not permit intercountry adoptions. (Doc. 18). *See* 8 C.F.R. § 204.3(d)(1)(iv) (requiring evidence that adoption is in accordance with laws of the foreign-sending country). Both parties acknowledged in their briefing that this issue requires a determination of foreign law under Fed. R. Civ. P. 44.1. Defendants, relying primarily on the opinions of DRC executive branch agencies included in the CAR, argued that 2016 amendments to the DRC Family Code (the "2016 Amendments") prohibit intercountry adoption. Plaintiffs responded that they had obtained a legally valid and enforceable approval of their adoption from the Children's Court of Kinshasa. After careful consideration, the Court determined that Plaintiffs had stated a plausible claim for relief and "additional presentation is necessary on the issue of DRC law." (Doc. 30 at 20).

The Court held a Status Conference on June 13, 2022. During the status conference, the Court and parties agreed to bifurcate discovery between (i) the DRC law issue ("Phase I") and (ii) whether M.S. was abandoned as defined under the applicable statutes ("Phase II"). Following the Status Conference, the Court ordered the parties to "submit proposed scheduling plans for limited discovery on the DRC law issue," which may include "any briefing on the proper scope of such discovery." (Doc. 32 at 1). Defendants now contend that the APA and INA bar any additional Phase I discovery. (Doc. 34). Plaintiffs respond that the broad discretion afforded courts by Rule 44.1 and Defendants' bad faith warrant discovery. (Doc. 36). The Court now addresses what discovery beyond the CAR, if any, is appropriate on the issue of DRC law.

## II. ANALYSIS

Phase I of this case presents a key, threshold question of foreign law: does Plaintiffs' adoption of M.S. violate DRC law? Fed. R. Civ. P. 44.1 provides that this Court may "consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence" in making this determination. The rule "requires an open and unstructured dialogue among all concerned." *Reid v. Doe Run Res. Corp.*, 74 F. Supp. 3d 1015, 1026 (E.D. Mo. 2015) (quoting 9A C. Wright & Miller, FED. PRAC. & PROC. § 2444 at 351 (3d ed. 2012)). The Supreme Court has indicated that courts making a foreign law determination are free "to reexamine and amplify material . . . presented by counsel in partisan fashion or insufficient detail." *Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co. Ltd.*, 138 S. Ct. 1865, 1873 (2018) (quoting Advisory Committee's 1966 Note on Fed. R. Civ. P. 44.1). Plaintiffs argue that Rule 44.1 permits substantial discovery in order to make a proper determination of DRC law.

But Plaintiffs bring this case under the APA. "Judicial review under the Administrative Procedure[] Act is ordinarily 'limited to the administrative record that was before the agency when it made its decision,' precluding a court from 'conducting a de novo trial substituting its opinion for that of the agency.'" *McClung v. Paul*, 788 F.3d 822, 827 (8th Cir. 2015) (quoting *Voyageurs Nat'l Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004)); *see also* 5 U.S.C. § 706 (stating court "shall review the whole record" in reviewing agency action under the APA). Agencies are "entitled to a strong presumption of regularity," including that they "properly designated the administrative record." *Ouachita Watch League v. Henry*, No. 4:11-CV-425 KGB, 2013 WL 11374520, at *1 (E.D. Ark. Sept. 30, 2013) (quoting *Pac. Shores Subdivision v. U.S. Army Corp of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006)).

Courts have recognized certain exceptions to this rule which "apply only under extraordinary circumstances, and are not to be casually invoked unless the party seeking to depart from the record can make a strong showing that the specific extra-record material falls within one of the limited exceptions." *Voyaguers Nat'l Park Ass'n*, 381 F.3d at 766 (citation omitted). In order to even obtain limited discovery beyond the certified record, a party must make "a significant showing – variously described as a strong, substantial, or prima facie showing – that it will *find material in the agency's possession indicative of bad faith or an incomplete record*." *Air Transp. Ass'n of Am. v. Nat'l Mediation Bd.*, 663 F.3d 476, 487-88 (D.C. Cir. 2011) (emphasis added). The exception for an allegedly incomplete administrative record "is very narrow." *Voyageurs Nat'l Park Ass'n*, 381 F.3d at 766.

Defendants have provided the full 270-page CAR. (Docs. 19-1, 19-2). Plaintiffs make two arguments in support of their request for discovery beyond the CAR. First, Plaintiffs effectively contend that Rule 44.1's invitation for courts to consider "any relevant material or source" trumps the typical limitations on discovery in APA cases. (Doc. 36 at 8). Second, Plaintiffs allege that extraordinary circumstances exist and they are entitled to extra-record discovery due to Defendants' bad faith and an incomplete record. (*Id.* at 9-10).[1]

Applicability of APA Discovery Limitations to Rule 44.1

Rule 44.1 authorizes district courts to consider virtually any relevant materials in making a determination of foreign law. In cases involving decisions by federal agencies, this includes

---

[1] Defendants also claim that the INA prohibits extra-record discovery. (Doc. 34 at 11-13). The INA restricts access to "records of the Department of State and of diplomatic and consular offices of the United States *pertaining to the issuance or refusal of visas or permits to enter the United States*." 8 U.S.C. § 1202(f) (emphasis added). Plaintiffs appropriately note (Doc. 36 at 10-11), however, that the statute does not apply at this juncture because this case does not concern issuance or refusal to issue a visa or entry permit. *See Darnbrough v. U.S. Dep't of State*, 924 F. Supp. 2d 213, 218 (D.D.C. 2013) ("Viewing Section 1202 as a whole, it is clear that the statute relates only to the issuance and refusal of visa applications."). As this Court has previously explained, Plaintiffs cannot yet seek a visa for M.S. because their I-600 Petition was denied. (Doc. 30 at 6-7). Accordingly, 8 U.S.C. § 1202(f) is not relevant.

4

"material that was not before an agency." *Kaho v. Ilchert*, 765 F.2d 877, 881 (9th Cir. 1985). Consistent with this precedent, the Court cited various sources of material outside the CAR on the issue of DRC law when denying Defendants' Motion to Dismiss. (Doc. 30 at 12-17). No party suggests that this Court is limited to the CAR in making a Rule 44.1 determination.

But whether Plaintiffs are entitled to discovery into Defendants' decision-making processes beyond the CAR presents an entirely separate question. Plaintiffs essentially argue that because Rule 44.1 grants courts permission to consider materials beyond the administrative record, it also authorizes discovery into agency action beyond the record in an APA case. This Court has not located any precedent supporting this proposition, and Plaintiffs do not cite any in their briefing. The Court recognizes that it "owes no deference to the agency's interpretation of foreign law," and that this case presents unique issues compared to a typical APA challenge to agency decision-making. *Iracheta v. Holder*, 730 F.3d 419, 424 (5th Cir. 2013). Without any directly applicable precedent offered by Plaintiffs, this Court declines to permit unfettered discovery into Defendants' decision-making process in order to resolve a question of foreign law under Rule 44.1. Instead, the Court will apply the typical limitations on extra-record discovery and consider whether exceptional circumstances exist due to Defendants' alleged bad faith or an incomplete record.

Exceptions to APA Discovery Limitations

To obtain extra-record discovery in this APA case, Defendants must make a significant showing that they will "find material in the agency's possession indicative of bad faith or an incomplete record." *Air Transp. Ass'n of Am.*, 663 F.3d at 487-88. Plaintiffs contend that both exceptions apply here. Proving bad faith "is no small hurdle." *Almaklani v. Trump*, 444 F. Supp. 3d 425, 431 (E.D.N.Y. 2020) (internal quotations omitted). Plaintiffs have identified certain actions by Defendants which are potentially concerning (Doc. 36 at 6-7), but the Court finds that

5

they do not amount to a significant showing of bad faith. Many of Plaintiffs' allegations of bad faith involve USCIS' investigatory process and simply have no bearing on the issue before the Court at this stage of the litigation. These are not the type of extraordinary events which constitute bad faith and warrant extra-record discovery.

The Court has more substantial concerns regarding the completeness of the CAR. Where "the administrative record is not complete, a plaintiff may be entitled to discovery to identify materials that are properly part of the administrative record." *Sara Lee Corp. v. Am. Bakers Ass'n Ret. Plan*, 512 F. Supp. 2d 32, 39 (D.D.C. 2007) (citation omitted). Such discovery may be appropriate if "(1) if the agency deliberately or negligently excluded documents that may have been adverse to its decision, (2) if background information was needed to determine whether the agency considered all relevant factors, or (3) the agency failed to explain administrative action so as to frustrate judicial review." *Does 1-72 v. U.S. Citizenship & Immig. Servs.*, Civ. No. 15-273 (CKK), 2016 WL 10771344, at *3 (D.D.C. Jan. 8, 2016) (citation omitted). Plaintiffs must also "identify the materials allegedly omitted from the record with sufficient specificity" and "offer reasonable, non-speculative grounds for their belief that the [requested] documents were directly or indirectly *considered* by the [agency]." *Committee of 100 on the Fed. City v. Fox*, 140 F. Supp. 3d 54, 59 (D.D.C. 2015) (internal quotations omitted); *see also La Union del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 141 F. Supp. 3d 681, 695-96 (S.D. Tex. 2015) (distinguishing extra-record discovery from request to supplement administrative record).

The Court finds that Plaintiffs have identified a limited set of specific documents which (i) Defendants have in their possession; (ii) are referenced in the CAR; (iii) are likely adverse to Defendants on the issue of DRC law; and (iv) will substantially assist the Court in making a Rule 44.1 determination. The existence of these documents reflects an incomplete administrative record.

6

Discovery in APA cases may be necessary "where it appears the agency has relied on documents or materials not included in the record." *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988) (citation omitted). The Court will allow limited discovery and require Defendants to provide Plaintiffs the following documents, all of which are referenced in Plaintiffs' brief:

- Nine judicial decisions by DRC courts approving intercountry adoption of DRC children by American parents after the 2016 Amendments

- USCIS Adjudicators' Field Manual ("AFM"), Chapter 21.5, and any other applicable AFM considered by USCIS

- DRC Family Code

- 2020 Consular Country Fraud Summary (published March 3, 2020)

- Non-privileged, non-confidential documents discussing number of intercountry adoptions from DRC to the United States since adoption of the 2016 Amendments

The Court believes such limited discovery is supported by applicable precedent and proportional to the needs of the case. *See Sabhari v. Cangemi*, No. Civ. 04-1104 ADM/JSM, 2005 WL 552081, at *2-3 (D. Minn. Mar. 9, 2005) (affirming "narrowly tailored" and "not overly burdensome" discovery beyond administrative record in immigration case); *Bodo v. McAleenan*, No. 17-CV-9254, 2019 WL 3776064, at *6-7 (N.D. Ill. Aug. 12, 2019) (permitting discovery in APA case due to incomplete information).

The Court will not, however, allow Plaintiffs to engage in discovery regarding Defendants' oral communications with DRC officials. This distinction merits emphasis. In Phase I of this case, the sole question is whether Plaintiffs' adoption of M.S. complies with DRC law. The views of DRC executive agencies are potentially relevant but certainly not dispositive on this question. *See Animal Sci. Prods.*, 138 S. Ct. at 1869. Plaintiffs seek discovery on various matters pertaining to the nature of the USCIS investigation and the Department of State's oral communications with DRC's executive branch. (Doc. 36 at 3-7). The Court does not require discovery into the nature of

7

such diplomatic discussions in order to reach a determination of DRC law. Any discovery authorized by the Court must be narrowly tailored to materials that are in Defendants' possession and will clearly assist the Court in interpreting DRC law. Depositions regarding diplomatic exchanges between United States and DRC officials risk a fishing expedition into sensitive issues while offering minimal assistance to the Court in making a determination of foreign law.

Finally, the Court notes other ongoing efforts by the parties to make a complete presentation of DRC law. Defendants have indicated their intent to seek an opinion from the Library of Congress. (Doc. 34 at 14). Plaintiffs have already provided multiple expert opinions on the issue of DRC law. It is entirely appropriate and consistent with Rule 44.1 for the parties to designate DRC law experts, submit expert reports, and depose expert witnesses. "Most often, foreign law is established through written or oral expert testimony accompanied by extracts from foreign legal material." *Estate of Botvin v. Islamic Republic of Iran*, 873 F. Supp. 2d 232, 240 (D.D.C. 2012) (internal quotations omitted); *see also Gan Teck Invs. Pte. Ltd. v. Thermal Constr. Co. LLC*, No. 20-CV-1050-CJW-MAR, 2022 WL 1321290, at *5 (N.D. Iowa May 3, 2022) (finding court may consider affidavits of foreign law experts under Rule 44.1). To the extent Defendants intend to rely on any agency representative as an expert on DRC law, it may be appropriate for Plaintiffs to depose that individual solely as to their interpretation of DRC law.

Accordingly,

**IT IS HEREBY ORDERED** that, consistent with the opinions and limitations expressed in this Memorandum and Order and with the need to expeditiously litigate this case, the parties shall comply with the following schedule for Phase I of this litigation:

- Track Assignment: **Track 1**

- Motions to Amend Pleadings: September 12, 2022

- <u>Completion of Discovery Beyond CAR</u>: September 12, 2022

- <u>Phase I Dispositive Motions</u>: September 19, 2022

- Consistent with the appropriate scope of discovery and other limitations established in this Memorandum and Order, <u>the following Phase I limitations shall apply</u>:

    o The parties may solely depose Rule 44.1 experts who have produced an opinion on DRC law. The parties agree that such experts shall not be considered retained experts under Rule 26.

    o The parties have agreed to limitations of <u>fifteen (15)</u> interrogatories and <u>twenty-five (25)</u> requests for production, and that there is <u>no limit on requests for admission</u>. Provided, such interrogatories and requests may not seek discovery into Defendants' decision-making processes beyond the CAR and other documents specifically identified in this Memorandum and Order.

Dated this 27th day of June, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE